FILED
2019 Sep-05 AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:17-CV-1986-KOB ) |
| DAVID FROST, JUDY FROST, AND NORMA JEAN SARTIN, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on "Plaintiff's Motion for Summary Judgment," in which Plaintiff Nationwide Mutual Insurance Company moves for summary judgment against Defendants David and Judy Frost. (Doc. 39). More specifically, Nationwide asks this court to enter a declaratory judgment that Nationwide has no legal obligation to defend or indemnify either of the Frosts for claims related to an incident that took place on the Frosts' property. (*See* Doc. 1 at ¶ 34). For the reasons stated below, the court WILL GRANT Nationwide's motion and WILL ENTER JUDGMENT for Nationwide and against the Frosts.

### I.   Factual Background

David Frost purchased a Premier Businessowners Policy from Nationwide for the period of July 15, 2015 to July 15, 2016. (Doc. 1 at ¶ 11). David Frost is the only Named Insured in the policy. (Doc. 1-1 at 6–7). The policy defines "you" and "your" as referring "to the Named Insureds shown in the Declarations." (Doc. 1-1 at 14).

The policy provides, in relevant part, that Nationwide would defend and indemnify an insured against claims for "'bodily injury' . . . caused by an 'occurrence' that takes place in the

1

'coverage territory.'" (Doc. 1-1 at 56). But, to trigger this obligation, the insured must notify Nationwide "as soon as practicable of an 'occurrence' . . . that may result in a claim." (Doc. 1-1 at 72). The policy defines "insured" to include David Frost and his spouse, "but only with respect to the conduct of a business of which [Mr. Frost, the named insured, was] the sole owner." (Doc. 1-1 at 69).

The Frosts jointly own commercial property in Leesburg, Alabama, where several businesses lease space. (Doc. 42-2; Doc. 42-3 at 19:18–20:20). Neither of the Frosts incorporated a business to own the property and both Mr. and Mrs. Frost are parties to the commercial leases. (Doc. 42-3 at 14:6–14, 15:9–12). Mrs. Frost also owns Daymaker Salon, which operates without a lease on the same property. (Doc. 42-3 at 20:15–16).

On June 9, 2016, Mrs. Frost, in her individual capacity, had a "yard sale" at the Leesburg property, selling "clothes, shoes, [and] stuff [she] was trying to get rid of." (Doc. 42-3 at 30:5–14). For this yard sale, Mrs. Frost set up tables on the sidewalk in front of Daymaker Salon, but the salon was not otherwise involved with the yard sale. (Doc. 42-3 at 30:21–23, 32:17–19).

Defendant Norma Jean Sartin attended the yard sale and fell in the parking lot, suffering a severe cut to her arm and a broken shoulder. Mrs. Frost witnessed the fall, saw Ms. Sartin's cut, and offered to call 911. (Doc. 42-3 at 40:19–41:3). Ms. Sartin declined the offer, and no one called 911. (Doc. 42-3 at 29:21–22). Mrs. Frost did not learn of the severity of Ms. Sartin's injuries until almost two weeks later, when Ms. Sartin's daughter came in for a salon appointment and told Mrs. Frost that Ms. Sartin had broken her shoulder. (Doc. 42-3 at 39:17–40:1). The Frosts did not notify Nationwide of the accident when it occurred, nor two weeks later when they learned how severe the injury was.

On September 12, 2017, about fifteen months after the incident, Ms. Sartin filed suit against Daymaker Salon, the Frosts, and multiple fictitious defendants responsible for the property in the Cherokee County Circuit Court, alleging premises liability based on the conditions that caused her fall. (Doc. 1 at ¶ 27; Doc. 1-2 at 2, ¶ 9). Upon receiving notice of the complaint, Mr. Frost immediately notified Nationwide, marking the first notice of the incident Nationwide received. (Doc. 1 at ¶ 29).

Nationwide subsequently filed this lawsuit seeking declaratory judgment that it has no obligation to indemnify the Frosts under the policy. The complaint raises three arguments: first, the Frosts breached the policy by failing to provide Nationwide notice as required under the policy's terms; second, Nationwide is not required to indemnify Mrs. Frost with respect to any business not solely owned by Mr. Frost; and, third, Ms. Sartin's claims fall within the exclusions to the policy. (Doc. 1 at ¶¶ 31-33). Plaintiff Nationwide now moves for summary judgment, arguing that no genuine issue of material fact exists as to its theories. Nationwide asserts, among other things, that the policy was not triggered because the Frosts do not qualify as covered insureds for the incident at issue, as Ms. Sartin's fall did not occur as part of the conduct of a business of which Mr. Frost is the sole owner. (Doc. 42 at 8–9; Doc. 44 at 2–3).

## II.     Standard of Review

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: whether any genuine issues of material fact exist, and whether the moving party is entitled to judgment as a matter of law. *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). But, inferences can create genuine issues of material fact. *Carlson v. FedEx Ground Package Systems, Inc.*, 787 F.3d 1313, 1318 (11th Cir. 2015).

In response, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial.*'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added).

The court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the non-moving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254. The

court must refrain from weighing the evidence and making credibility determinations because these decisions belong to a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Further, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion *only if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

**III. Discussion**

Nationwide raises two independent reasons that it has no obligation under the policy to indemnify the Frosts for any liability connected to Ms. Sartin's injury: (1) the policy does not cover Ms. Sartin's accident, as the Frosts do not constitute covered insureds for the incident at issue because the yard sale was not connected to a business owned solely by Mr. Frost, and (2) the Frosts did not provide Nationwide timely notice of Ms. Sartin's accident. Because the court finds Nationwide's first argument persuasive and sufficient for summary judgment, it declines to take up the second issue.

Plaintiff Nationwide's first argument in its motion for summary judgment is that neither Daymaker Salon nor Mrs. Frost qualify as insureds under the terms of the policy, because the coverage for Mr. Frost's spouse arises "only with respect to the conduct of a business of which David Frost is the sole owner." (Doc. 42 at 8). Nationwide argues that, because the yard sale was connected to Daymaker Salon—a business owned by Mrs. Frost—instead of a business solely owned by Mr. Frost, this court should enter judgment against the Frosts. (Doc. 42 at 9). This argument assumes that Daymaker Salon is the premises at issue in Ms. Sartin's lawsuit.

In response, the Frosts assert that the yard sale was not held by Daymaker Salon, but, rather, by the Frosts personally "on the commercial property owned by them." (Doc. 43 at 4). The Frosts ask the court to interpret the exclusions to the policy "as narrowly as possible in order to provide maximum coverage to the insured." (Doc. 43 at 4) (citing *Brown Mach. Works & Supply Co. v. Ins. Co. of N. Am.*, 659 So. 2d 51, 59 (Ala. 1995)). Specifically, the Frosts assert that they should be covered as insureds because they were acting as a husband and wife selling personal items at their commercial property. (Doc. 43 at 4).

In its reply, Nationwide argues that, even if the yard sale was connected to the commercial property and not Daymaker Salon, the Frosts are not insureds under the terms of the policy because the Frosts admitted that the property was jointly owned. Nationwide asserts that, therefore, the yard sale did not occur in the conduct of a business solely owned by Mr. Frost. (Doc. 44 at 2).

The provision at issue provides that "*you* and *your* spouse are insureds, but only with respect to the conduct of a business of which *you* are the sole owner." (Doc. 1-1 at 69) (emphasis added). The policy defines "you" and "your" as referring "to the Named Insureds shown in the Declarations." (Doc. 1-1 at 14). The Common Declarations page identifies *only* "David Frost" as a Named Insured, and the Schedule of Named Insureds includes *only* David Frost. (Doc. 1-1 at 6–7). So, the policy does include both Mr. *and* Mrs. Frost as insureds, "but only with respect to the conduct of a business of which [Mr. Frost is] the sole owner." (Doc. 1-1 at 69).

The Frosts would have this court find that both Mr. and Mrs. Frost are protected insureds because the yard sale at which Ms. Sartin fell was not conducted in connection with Daymaker Salon, Mrs. Frost's business, but, rather, was conducted by the Frosts personally in connection with their commercial property. By separating the yard sale from Daymaker Salon, the Frosts

seek to remain covered by the policy through Mr. Frost's involvement in the commercial property.

However, the Frosts' argument overlooks a key component of the policy. The policy covers the Frosts for the conduct of a business of which Mr. Frost is the *sole* owner. (Doc. 1-1 at 69) (emphasis added). The Frosts have failed to identify *any* business of which Mr. Frost is the sole owner, much less one connected to the events giving rise to Ms. Sartin's accident and lawsuit. The deed to the commercial property shows that Mr. and Mrs. Frost own the property jointly. (Doc. 42-2). Mrs. Frost admitted in her deposition that the commercial leasing business was never incorporated and that she and Mr. Frost conduct the business together. (Doc. 42-3 at 14:6–14, 15:9–12; Doc. 43 at 4). The Frosts' assertion that the yard sale constituted "a husband and wife selling personal items," even if true, tends to show, if anything, a *jointly* owned venture and not something Mr. Frost solely owned.

Even interpreting the policy language to provide maximum coverage, the court's interpretation of a contract must still be reasonable. *Cf. Homes of Legend, Inc. v. McCollough*, 776 So. 2d 741, 745 (Ala. 2000) (defining unambiguous contract terms as those "susceptible of only one *reasonable meaning*") (emphasis added). Under the unambiguous terms of the policy, neither Mrs. Frost's Daymaker Salon nor the commercial property jointly owned by Mr. and Mrs. Frost is solely owned by Mr. Frost. Because the policy unambiguously defines the Frosts as insureds only with respect to businesses Mr. Frost *solely* owns, the Frosts have failed to raise a genuine issue of material fact as to whether the Frosts were insured for the yard sale at issue. For this reason alone, the court WILL GRANT Plaintiff Nationwide's motion for summary judgment and WILL ENTER JUDGMENT for Nationwide and against the Frosts.

**IV.     Conclusion**

For the reasons stated above, the court WILL GRANT Plaintiff Nationwide's motion for summary judgment and WILL ENTER JUDGMENT for Plaintiff Nationwide and against Defendants David and Judy Frost. So, Plaintiff Nationwide does not have any obligation under the policy at issue to indemnify the Frosts in connection with Ms. Sartin's accident or lawsuit.

**DONE** and **ORDERED** this 5th day of September, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE